*255 OPINION of the Court, by
Ch. J. Boyle.
This Was an action of debt for tiie penalty imposed' by law for receiving on board of a boat for exportation, tobacco which had not been inspected. Bail was required by order of a judge, but was afterwards discharged in court, and the defendant permitted to appear and plead without hail, to which the plaintiff excepted. The cause was then tried on the,plea of nil debet, and on the trial the plaintiff excepted to the decision of the court excluding proof of the confessions of the manager of the boat, as evidence of the orders given by the defendant, who was the owner. ‘ ■
A verdict being found for the defendant, the plaintiff moved the court for a new trial, on the grounds that the verdict was contrary to law and evidence; but the court overruled the motion and gave judgment for the defendant, from which-the plaintiff has appealed to this court.
The first objection taken by the assignment of error is to the discharge of the bail. That this objection is not an available one, there can be no doubt. In an action of debt for a penalty imposed by statute, bail is not regularly requirable; and although a judge may by his order direct bail in some cases in which bail could not otherwise be required, yet the Cases in which he may do so are particularly specified in the act of assembly by which this authority is conferred on him ; and ah action ttf debt for a penalty imposed by statute, is not embraced in the specification. It is true that the statute imposing the penalty sued for in this case, authorises the ermrt, upon the motion of the plaintiff, to require the defendant to give bail before lie shall be permitted to plead, if they shall see cause to do so; but in this case the bail *256 which was discharged had been taken without the dt-Section of the court, and no cause is stated in the bill of exception to have been shown in court why hail should have been required ; and indeed if there had been cause s‘iCwn’ as ⅛ ⅛ a matter left by the terms of the law in ^ie unlimited discretion of the court, their opinion would, be not liable to be corrected by this court,
A new trial will not be pehai^ aaío'o* where the ver! di« is for the etfTwhen thé verdiit has been procured *h ™'?ake of eJ“ 6e» .
®ut werc túe decision of. t!ie court erroneous, it would n°t aftof'd an available objection in this case : for the proceedings as to the bail are dependant upon the princi-pa| suit, XjUt not Tics versa,• and consequently though an erl'or in the principal suit may affect the proceedings as to the bail, yet an error in the latter cannot affect the correctness of the judgment in the former. If the piain-^ '>iWl obtained a judgment against the defendant, lie might without doubt have maintained a writ of error to correct the decision of the court below in discharging the hail, were such decision erroneous ; but it would be prep3Sterous in the extreme, to reverse a judgment for the defendant, which in other respects was correct, because the court erred in discharging the bail.
The second objection taken by the assignment of error questions the correctness of the decision of the inferior court in excluding proof of the confessions of the manager of the boat, as evidence of the orders given by the defendant. This proof is plainly of the character denominated hearsay evidence. According to the general rule, therefore, it was inadmissible ; and it is certainly not within any of the known exception s to the general rule. It was therefore properly excluded by the decision of the inferior court.
The third and last objection taken by the assignment of error is to the refusal of the court to grant a new trial. This objection is certainly not less untenable than either of the former : for it is Well settled, that a new trial will not be granted in a penal action, where the verdict is for the defendant. The only exception to this doctrine, is where the verdict has been produced by the mistake of the judge before whom the cause was tried. But the new trial was not asked for in this case upon that ground, nor is there any thing in the record to justify a presumption that the verdict was produced through the mistake of the judges before whom this case was tri^d.
The judgment must therefore be affirmed with costs.